## MEMORANDUM CASE

[Crim. No. 17575. In Bank. July 23, 1974.]

In re JOAQUIN MURILLO on Habeas Corpus.

[Crim. No. 17576. In Bank. July 23, 1974.]

In re MICHAEL LOUIS BIANCO on Habeas Corpus.

## OPINION

Evelle J. Younger, Attorney General, Edward A. Hinz, Jr., Chief Assistant Attorney General, Doris H. Maier, Assistant Attorney General, James T. McNally and Brian Taugher, Deputy Attorneys General, for Appellant.

Jay W. Powell, Public Defender, for Respondents.

## Opinion

**WRIGHT, C. J.**—These are companion cases to *In re Bye, ante,* page 96 [115 Cal.Rptr. 382, 524 P.2d 854]. They raise the identical legal issue disposed of in *Bye,* and therefore additional discussion of the due process requirements in revocation of outpatient status of civil addicts is unnecessary.

In the first case, Joaquin Murillo failed to report to his parole agent upon his return to the community on outpatient status. The agent apprehended Murillo at his residence, and observed fresh puncture marks on his inner arm. In response to the agent's inquiry why he had not reported, Murillo admitted that he was "dirty" (he had recently used narcotics), and stated that he had intended to "clean up" prior to reporting.

The People appeal from an order of the trial court which directed Murillo's discharge from custody and his return to outpatient status. Said order was based on denial of procedural due process.

In the second case, Michael Louis Bianco admitted to his parole agent that he had resumed heroin use. He had been on outpatient status for approximately five months at the time of his statement.

The People appeal from an order directing Bianco's discharge from custody and his return to outpatient status.

As the procedures announced in *Bye* are to be implemented prospectively only, the order appealed from is reversed in each case.

McComb, J., Tobriner, J., Mosk, J., Burke, J., Sullivan, J., and Clark, J., concurred.